PER CURIAM.
The Florida Bar petitions this Court to consider proposed amendments to the Rules Regulating the Florida Bar. We have jurisdiction. See Art. V, § 15, Fla. Const.
The Florida Bar submitted several proposals to the Board of Governors of The Florida Bar for its recommendation. The Board approved the proposals. The proposals were published for comment in the March 15, 2006, edition of The Florida Bar News. In that publication, the Bar instructed interested parties to file any comments directly with the Court. Thereafter, on April 26, 2006, the Bar filed the proposals with the Court. See In re Amendments to the Rules Regulating the Florida Bar, No. SC06-736 (Fla. petition filed Apr. 26, 2006).
Only two comments were filed with the Court. After the comment period elapsed, the Bar filed a motion on June 6, 2006, asking the Court to consider two of the proposals, which would create two new board certification areas, in advance and separate from the other proposals submitted in the petition. The Court grants the Bar’s motion to consider the two board certification proposals separate from the other proposals.[1]
The first proposal would create a certification area related to state and federal government and administrative practice. This certification area would be identified in the Rules Regulating the Florida Bar as subchapter 6-25. The second proposal would create a new certification area for intellectual property law, identified in the rules as subchapter 6-26. No comments were filed opposing these proposals. In fact, the comment of the Government Lawyer Section of The Florida Bar strongly supports the proposal for creating sub-chapter 6-25, regarding standards for certification of a board certified state and federal government and administrative practice lawyer. After considering the two proposals and the comment, the Court adopts the Bar’s two proposals.
Accordingly, the Court adopts the amendments to the Rules Regulating the Florida Bar as set forth in the appendix to this opinion. The new language is indicated by underscoring. The amendments *1124 shall become effective on August 1, 2006, at 12:01 a.m.
It is so ordered.
LEWIS, C.J., WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.
APPENDIX
6-25. STANDARDS FOR CERTIFICATION OF A BOARD CERTIFIED STATE AND FEDERAL GOVERNMENT AND ADMINISTRATIVE PRACTICE LAWYER
6-25.1 GENERALLY
A lawyer who is a member in good standing of The Florida Bar and who meets the standards prescribed below maybe issued an appropriate certificate identifying the lawyer as a “Board Certified State and Federal Government and Administrative Practice Lawyer.” The purpose of the standards is to identify those lawyers who practice law before or on behalf of state and federal government entities and have the special knowledge, skills, and proficiency, as well as the character, ethics, and reputation for professionalism to be properly identified to the public as certified state and federal government and administrative practice lawyers.
6-25.2 DEFINITIONS
(a)State and Federal Government and Administrative Practice. “State and federal government and administrative practice” is the practice of law on behalf of public or private clients on matters including but not limited to rulemaking or adjudication associated with state or federal government entity actions such as contracts, licenses, orders, permits, policies, or rules. State and federal government and administrative practice also includes appearing before or presiding as an administrative law judge, arbitrator, hearing officer, or member of an administrative tribunal or panel over a dispute involving an administrative or government action.
(b) Government Entity. “Government entity” means any state agency, political subdivision, special district, or instrumentality of the state of Florida, and any federal agency, bureau, corporation, instrumentality or other government body of the United States, including the United States armed forces. This definition should be broadly construed.
(c) Lead Advocate. “Lead advocate” means serving as the primary attorney, whether as a team leader or alone, working on behalf of either a private party or a government entity. Service as a supervisor and signatory of legal documents, but without substantial participation in the preparation of those documents, does not constitute service as a lead advocate. Service in the role of lead advocate also includes presiding as an administrative law .judge, arbitrator, hearing officer, or member of an administrative tribunal or panel over a dispute involving an administrative or government action.
(d) Practice of Law. The “practice of law” is defined as set forth in rule 6-3.5(c)(1).
(e) State and Federal Government and Administrative Practice Certification Committee. The state and federal government and administrative practice certification committee shall include at least 2 attorneys employed by government entities in Florida, at least 1 attorney employed by a federal government entity, and at least 3 attorneys in private practice. While all committee members should have experience in rulemaking and adjudication, the committee should also include at least 2 attorneys whose state and federal government and administrative practice is primarily non-litigation.
*1125 6-25.3 MINIMUM STANDARDS
(a) Minimum Period of Practice. The applicant must have been engaged in a state or federal government and administrative practice for at least 5 years preceding the date of application. The years of law practice need not be consecutive.
(b) Practice Requirements. The practice requirements shall be as follows:
(1) Substantial Involvement. The applicant must demonstrate substantial involvement in a state and federal government and administrative practice during 3 of the last 5 years immediately preceding application. Any applicant who meets the practical experience requirements in subdivisions 6-25.3(b)(2)(A)-(I) below is presumed to meet this requirement.
(2) Practical Experience. The applicant must demonstrate broad substantial practical experience in state or federal government and administrative practice by providing examples of service as the lead advocate on behalf of a private client or a government entity or instrumentality. Using the point values and limitations assigned below, the applicant’s experience examples from the following actions must total at least 100 points and have been performed within 20 years preceding the filing of the application:
(A) administrative hearings, involving disputed issues of material fact [Section 120.57(1), Florida Statutes] and adjudicated through final order pursuant to the Florida Administrative Procedure Act, Chapter 120, Florida Statutes (5 points each);
(B) fully-adjudicated administrative actions or rulemaking proceedings pursuant to the Federal Administrative Procedure Act, 5 U.S.C. §§ 551-559, and other federal APA proceedings, including record review proceedings, pursuant to 5 U.S.C. §§ 701-706 (5 points each);
(C) any other fully-adjudicated state or federal administrative or civil proceeding before an administrative forum, hearing officer, magistrate, arbitrator, state or federal district, circuit or supreme court, or other forum, in which the applicant represents a party in a lawsuit brought by or against a government entity. Applicants are encouraged to identify cases involving state or federal constitutional or statutory matters, state or federal regulations, ethics, open government, public records, or sovereign immunity. Experience working on matters exclusively involving city, county, and local government law (such as code enforcement, municipal financing and licensing, local referen-da, ordinances, and zoning) does not constitute practical experience for purposes of obtaining state and federal government and administrative practice certification (5 points each);
(D) rulemaking_proceedings through rule adoption pursuant to the Florida Administrative Procedure Act, Chapter 120, Florida Statutes (3 points each);
(E) state or federal government or administrative actions as follows:
1. involvement in actions that are considered, pursuant to the Florida Administrative Procedure Act or the Federal Administrative Procedure Act, to provide a point of entry or otherwise create an opportunity for a person to seek to adjudicate legal rights in state or federal courts, or in an administrative forum. Examples may include, but are not limited to, policies, orders, emergency orders, permits, licenses, contracts, or other agency deci *1126 sions, or intended decisions of state and federal government entities. Examples may not include documents requiring; merely clerical completion (2 points each);
2. involvement as lead advocate in an administrative proceeding of the type identified herein, in which a written settlement agreement was negotiated and upon which the proceeding was terminated (2 points each);
3. involvement as lead advocate in an administrative proceeding of the type identified herein, in which a proposed administrative or government action or the challenge to the action was formally withdrawn (2 points each);
(F) other actions on behalf of state or federal government agen-dos, including military adjudicatory or i clemaking proceedings, that are the substantial equivalent of the practical experience categories identified herein, as determined at the sole discretion of the state and federal government and adminisfarative practice certification committee after review of the application (1 to 4 points each);
(G) an advisory opinion issued by the Florida Commission on Ethics, Florida or United States Attorney General, or Supreme Court of Florida (1 point each);
(H) experience as legislative staff on a bill passed by the Florida Legislature and enacted into law within Chapters 119 (Public Records), 120 (Administrative Procedure Act), 286 (Open Meetings), or 287 (Procurement), Florida Statutes, or as staff for the Florida Legislature’s Joint Administrative Procedures Committee on completed rulemaking initiatives (1 point each); or
(I)experience as .judicial staff, or staff to an administrative law judge, arbitrator, hearing officer, or other administrative panel on fully-adjudicated cases consistent with this rule (1 point each).
The applicant may have a maximum of 40 points from examples within (F) through (I). If the applicant has no points within (A), (B), or (C), the applicant must have points from a minimum of 2 different categories within (D) through (I). The state and federal government and administrative practice certification committee may increase the number of points granted for activities of the type identified in subdivisions (b)(2)(A), (B), or (C), above, for good cause shown, such as an applicant’s involvement as lead advocate in an administrative hearing that lasted more than 6 days.
(c) Peer Review. The applicant shall submit the names and addresses of 5 individuals, at least 4 of whom are attorneys and 1 of whom is a federal, state, or administrative law .judge before whom the applicant has appeared within the 5 years immediately preceding application. Individuals who currently practice in the applicant’s law firm or government entity may not be used as references. In lieu of a judicial reference, the applicant may provide the name and address of the head of a government entity (or a member of a collegial board that serves as the head of a government entity) if the applicant has advised or appeared before the person within the 5 years immediately preceding application. Administrative law judges or hearing officers applying for certification may offer the reference of an attorney who has appeared before them more than once, or, if appropriate, the reference of the chief administrative law judge or hearing *1127 officer. In all cases, at least 2 of the attorney references must be members of The Florida Bar. Individuals serving as references shall be sufficiently familiar with the applicant to attest to the applicant’s special competence and substantial involvement in the field of state and federal government and administrative practice, as well as the applicant’s character, ethics, and reputation for professionalism in the practice of law. The board of legal specialization and education and the state and federal government and administrative practice certification committee may authorize references from persons other than attorneys and may also make such additional inquiries as they deem appropriate to determine the applicant’s qualifications for certification pursuant to this rule and rule 6-3.5(c)(6).
(d)Education. The applicant must demonstrate that during the 3-year period immediately preceding the date of application, the applicant has met the continuing legal education requirements in state and federal government and administrative practice. The required number of hours shall be established by the board of legal specialization and education and shall in no event be less than 50 hours for the 3 years immediately preceding the application for certification. Credit for attendance or speaking appearances at continuing legal education seminars shall be given only for programs that are directly related to state and federal government and administrative practice. In addition, the state and federal government and administrative practice certification committee may conclude that the education requirement is satisfied, in part, by 1 or more of the following:
(1) lecturing at continuing legal education seminars;
(2) authoring or editing articles or books published in professional periodicals or other professional publications;
(3) teaching courses directly related to state and federal government and administrative practice at an approved law school or other graduate level program presented by a recognized professional education association;
(4) completing such home study programs as may be approved by the board of legal specialization and education or the state and federal government and administrative practice certification committee, subject to the limitation that no more than 50 percent of the required number of hours of education may be satisfied through home study programs; or
(5) such other methods as may be approved by the board of legal specialization and education and the state and federal government and administrative practice certification committee.
The board of legal specialization and education or the state and federal government and administrative practice certification committee shall establish policies applicable to this rule including but not limited to the method of establishment of the number of hours allocable to any of the above-listed subdivisions. Such policies shall provide the hours that shall be allocable to each separate but substantially different lecture, article, or other activity described in subdivisions (1), (2), (3), and (4) above.
(e) Examination. The applicant must pass an examination applied uniformly to all applicants to demonstrate sufficient knowledge, proficiency, and experience in state and federal government and administrative practice to justify .the representation of special competence to the legal profession and the public.
(f) Exemption. An applicant who has been substantially involved in state and federal government and administrative practice for a minimum of 20 years and *1128 who otherwise fulfills the standards set forth in rules 6-3.5(d) and 6-25.3(a)-(d), shall be exempt from the examination. This exemption is only applicable to those applicants who apply within the first 2 application filing periods from the effective date of these standards and who meet all other requirements for certification.
6-25.4 RECERTIFICATION
Recertification shall be pursuant to the following standards:
(a) Substantial Involvement. A satisfactory showing, as determined by the board of legal specialization and education and the state and federal government and administrative practice certification committee, of continuous and substantial involvement in state and federal government and administrative practice throughout the period since the last date of certification or recertification. Any applicant who meets the practical experience and education requirements in paragraphs (b) and (c) below is presumed to meet this requirement.
(b) Practical Experience Requirement. An applicant seeking recertification must demonstrate involvement as the lead advocate on behalf of a private client or a government entity in state and federal government and administrative practice since certification or the last recertification, totaling at least 10 points as described in rule 6-25.3(b)(2)(A)-(I). For good cause shown, subject to approval by the board of legal specialization and education and the state and federal government and administrative practice certification committee, the 10-point requirement above may be waived for applicants who possess other extraordinary legal experience related to state and federal government and administrative practice. Examples of extraordinary experience may include: service as an administrative law judge; agency general counsel or other senior government attorney with supervisory responsibilities; representation of or membership on a committee working on substantial matters of state and federal government and administrative practice; and other appropriate legal experience described by the applicant.
(c) Education. The applicant must demonstrate completion of at least 90 hours of continuing legal education since the last application for certification or re-certification. The continuing legal education hours must logically be expected to enhance the proficiency of attorneys who are board certified in state and federal government and administrative practice. If the applicant has not attained 90 hours of continuing legal education but has attained more than 60 hours during such period, successful passage of the examination given to new applicants shall satisfy the continuing legal education requirements. However, an applicant seeking re-certification may also reduce the educational requirements in this subsection to 60 hours by demonstrating involvement as the lead advocate on behalf of a private client or a government entity in state and federal government and administrative practice since certification or the last re-certification, totaling at least 25 points as described in rule 6-25.3(b)(2)(A)-(I).
(d) Peer Review. The applicant shall submit the names and addresses of 3 individuals, at least 2 of whom are attorneys and 1 of whom is a federal, state, or administrative law judge before whom the applicant has appeared within the past 5 years preceding the application. Individuals who currently practice in the applicant’s law firm or government entity may not be used as references. In lieu of a judicial reference, the applicant may provide the name and address of the head of a government entity (or a member of a collegial board that serves as the head of a government entity) if the applicant has *1129 advised or appeared before the person within the 5 years preceding the application. At least 1 attorney reference must be a member of The Florida Bar. Individuals serving as references shall be sufficiently familiar with the applicant to attest to the applicant’s special competence and substantial involvement in the field of state and federal government and administrative practice, as well as the applicant’s character, ethics, and reputation for professionalism in the practice of law. The board of legal specialization and education and the state and federal government and administrative practice certification committee may authorize references from persons other than attorneys and may also make such additional inquiries as they deem appropriate to determine the applicant’s qualifications for certification pursuant to this rule and rule 6-3.5(c)(6).
(e) Waiver of Compliance. Any applicant for recertification who at the time of application is serving and has served full time for 3 or more years as an administrative law judge, arbitrator, hearing officer, or member of an administrative tribunal or panel is deemed to meet the recertification criteria.
6-25.5 MANNER OF LISTING AREA OF CERTIFICATION
A member having received a certificate in state and federal government and administrative practice may list the area in the manner set forth under rule 6-3.9(a) or the listing may be abridged to indicate that the member is board certified in (1) state and federal government practice; or, (2) state and federal administrative practice. A member who is certified pursuant to rule 6-25.3(f) and elects to have his or her listing limited to certification in state and federal administrative practice shall have been certified with a minimum of 25 total points from examples in rule 6-25.3(b)(2)(A), (B), and (D).
6-26. STANDARDS FOR CERTIFICATION OF A BOARD CERTIFIED INTELLECTUAL PROPERTY LAWYER
6-26.1 GENERALLY
A lawyer who is a member in good standing of The Florida Bar and who meets the standards prescribed below may be issued an appropriate certificate identifying the lawyer as a “Board Certified Intellectual Property Lawyer.” The purpose of the standards is to identify those lawyers who practice intellectual property law and have the special knowledge, skills, and proficiency, as well as the character, ethics, and reputation for professionalism, to be properly identified to the public as certified intellectual property lawyers.
6-26.2 DEFINITIONS
(a). Patent Application Prosecution. “Patent application prosecution” covers the practice of law dealing with patent rights, and covers all aspects of the U.S. Patent Statutes, 35 U.S.C. §§ 1-376, as amended; the Rules of Practice in Patent Cases, 37 C.F.R. §§ 1.1 — 1.997, as amended; the American Inventors Protection Act of 1999, United States Patent and Trademark Office (USPTO) rules of practice, the Manual of Patent Examining Procedure (MPEP), the Patent Cooperation Treaty (as modified by any later court decisions or Official Gazette notices); the Assignment, Recording and Rights of Assignee, 37 C.F.R. §§ 3.1 — 3.85, as amended; the Secrecy of Certain Inventions and Licenses to Export and File Application in Foreign Countries, 37 C.F.R. §§ 5.1 — 5.33, as amended; the Register of Government Interests in Patents, 37 C.F.R. § 3.58, as amended; and Representations of Others before the USPTO, 37 C.F.R. §§ 10.1— 10.170, as amended, as well as representing clients in proceedings before the USP-TO.
*1130 (1) A “patent” is a governmental grant derived from the United States Constitution to encourage innovation and a form of protected personal property under federal statute set forth in title 35 of the United States Code that guarantees the holder of a U.S. patent a right to exclude others from making, using, offering to sell, selling, or importing an invention for a statutory period of years.
(2) “Patent matters” consist of the areas of knowledge required of attorneys registered to practice before the USP-TO, including: rules, practice, and procedure; understanding how to draft claims and the ability to properly draft claims; knowledge about preparation and prosecution of patent applications based on education in and practical experience in engineering or science; understanding the application of patent laws to that endeavor; preparation of patentability opinions; filing and prosecuting patent applications, interferences, and re-issuances; preparing opinions concerning the validity and/or infringement of patents; prosecuting patent applications at the USPTO and in foreign .jurisdictions; and the re-examination of patents.
(b) Patent Infringement Litigation. “Patent infringement litigation” covers the practice of law (including substantive law, evidence, and procedure) dealing with the litigation of patents in federal district courts and appeals to the federal circuit of the United States of America, and includes: Service of Process, 37 C.F.R. §§ 15.1 — 15.3; and Testimony of Employees and the Production of Documents in Legal Proceedings, 37 C.F.R. §§ 15.11— 15.18. Infringement of a patent is a tort giving rise to a federal cause of action for a form of trespass. The grant of a patent by the USPTO carries with it the presumption of validity, including compliance with federal statutes. Invalidity is a defense to a claim for patent infringement and may be based on a number of factors, including: anticipation; obviousness; derivation; failure to disclose “best mode”; estoppel and laches; ineligible subject matter; lack of utility or operability; lack of enabling disclosure; claim indefiniteness; double patenting; inequitable conduct; violation of antitrust law; and non-infringement.
(1) “Contested matters” shall be defined as hearings before a tribunal or court that are adversarial, evidentiary, and binding in which the applicant has had a senior-level responsibility, and in which the applicant evaluated, handled, and resolved issues of fact and law in a dispute that involved a patent, either by reaching an adjudicated decision or by achieving a settlement before final adjudication or appeal.
(2) An “adjudicated decision” shall mean a decision resulting from a proceeding in which: a tribunal rendered a decision on a motion for preliminary injunction following an evidentiary hearing involving live testimony; a tribunal rendered a decision on a motion for summary judgment; a tribunal rendered a decision on significant issues of patent law following briefing (e.g., a Markman hearing, a Daubert hearing, etc.); or a tribunal or jury rendered a decision following a trial, or the federal circuit court of appeals rendered a decision following an appeal. A single proceeding may generate multiple adjudicated decisions and an applicant shall receive credit for each such qualifying adjudicated decision as a separate contested matter; however, for purposes of certification, the number of adjudicated decisions from any single case shall be limited to 2.
*1131 (c) Trademark Law. “Trademark law” covers the practice of law dealing with all aspects of the Trademark Act of 1946 (the “Lanham Act”), as amended, 15 U.S.C. §§ 1051-1127, Trademark Counterfeiting Act of 1984, as amended, 18 U.S.C. § 2320, Tariff Act of 1930, as amended, 19 U.S.C. §§ 1837 and 1526, Chapter 495 of the Florida Statutes, as amended (the “Florida Trademark Law”), and common law principles, including: advising clients as to ownership, registration, transfer, validity, dilution, enforceability, and infringement of trademarks in the- state of Florida, the United States and internationally; representing clients in proceedings before the USPTO and the Florida Department of State; and representing clients in proceedings in federal or state courts, or in arbitration, relating to the ownership, registration, licensing, transfer, validity, dilution, enforcement, and infringement of trademarks.
(1) A “trademark” is defined to include trademarks, service marks, certification marks, and collective marks. Each of these forms of marks shall have the meaning given in the Florida Trademark Law, Fla. Stat. § 495.011(l)-(4). A “trademark” is further defined to include trade dress as that term is used in the Restatement Third, Unfair Competition, Section 16, and domain names as that term is used in the Lanham Act, 15 U.S.C. § 1125(d).
(2) “Contested matters” shall be defined as hearings before a tribunal or court that are adversarial, evidentiary, and binding in which the applicant has had senior-level responsibility, and in which the applicant evaluated, handled, and resolved substantial issues of fact and law in a dispute that involved a trademark, either by reaching; an adjudicated decision, or by achieving a settlement before final adjudication or appeal.
(3) An “adjudicated decision” shall mean a decision resulting from a proceeding in which: a tribunal rendered a decision on a motion for temporary or preliminary injunction following an evi-dentiary hearing involving live testimony; a tribunal rendered a decision on a motion for summary .judgment; a tribunal rendered a decision on significant issues of trademark law following briefing in the USPTO; or a tribunal or jury rendered a decision following a trial. A single proceeding may generate multiple adjudicated decisions and an applicant shall receive credit for each such qualifying adjudicated decision as a separate contested matter; however, for purposes of certification, the number of adjudicated decisions from any single case shall be limited to 2.
(4) “Substantive refusal” shall be defined as refusals of trademark applications during ex parte USPTO prosecution under Section 2 of the Lanham Act, 15 U.S.C. § 1052.
(d) Copyright Law. “Copyright law” covers the practice of law dealing with the protection of the works of the human intellect (literature, music, art, computer programs, etc.) under the copyright laws of the United States, including: subject matter; ownership; duration; registration; formalities; exclusive rights; transfers and licensing, including the rights and obligations of parties, appropriate terms and conditions in licensing contracts, antitrust and misuse constraints, international licensing considerations; contested matters relating to claims of infringement of copyrights and to disputes regarding the authorship, ownership, licensing, and transfer of copyrighted works, including infringement actions and defenses, remedies, jurisdiction and venue, jury considerations, federal preemption of state law; the Copyright Acts of 1909 and 1976, as *1132 amended; recent amendments to copyright law such as the Digital Millennium Copyright Act; and international aspects of copyright, including the Berne convention and other treaties on copyright and related subjects. The primary federal copyright law is contained in Title 17 of the United States Code. Generally, the practices that the copyright law is concerned with involve, but are not limited to, registration, licensing, transfer, and protection of copyrighted works.
(1) “Contested matters” shall be defined as hearings before a tribunal or court that were adversarial, evidentiary, and binding in which the applicant had a senior-level responsibility, and in which the applicant evaluated, handled, and resolved substantial issues of fact and law in a dispute that involved a copyright, either by reaching an adjudicated decision, or by achieving a settlement before final adjudication or appeal.
(2) An “adjudicated decision” shall mean a decision resulting from a proceeding in which: a tribunal rendered a decision on a motion for temporary or preliminary injunction following an evi-dentiary hearing involving live testimony; a tribunal rendered a decision on a motion for summary judgment; or a tribunal or jury rendered a decision following a trial. A single proceeding may generate multiple adjudicated decisions and an applicant shall receive credit for each such qualifying adjudicated decision as a separate contested matter, however, for purposes of certification, the number of adjudicated decisions from any single case shall be limited to 2.
(e) Practice of Law. The “practice of law” shall be defined as set forth in rule 6-3.5(c)(1) and rule 6-26.3(a).
(f) Intellectual Property Law Certification Committee. The intellectual property law certification committee shall consist of 9 members, including a minimum of. 3 registered patent attorneys with experience in patent application prosecution, 2 members with experience in patent infringement litigation, 2 members with experience in trademark law, and 2 members with experience in copyright law.
6-26.3 MINIMUM STANDARDS
(a) Minimum Period of Practice. The applicant shall have been engaged in the practice of law for at least 5 years immediately preceding the date of application. Notwithstanding the definition of “practice of law” in rule 6-3.5(c)(l), practicing “patent application prosecution,” as defined in section 6-26.2(a), before the USPTO as a registered patent attorney or registered patent agent shall be deemed to constitute the practice of law for purposes of the 5-year practice requirement.
(b) Substantial Involvement. Substantial involvement means at least 30 percent of the applicant’s practice during the 3 years immediately preceding application has been devoted to matters involving intellectual property law.
(c) Experience. During the 5 years immediately preceding application, the applicant must comply with the experience requirements in at least 1 of the following categories:
(1) Patent Application Prosecution. The applicant must have handled with senior-level responsibility a minimum of 40 patent matters that involved representation of a client. The quality of the applicant’s work and the nature of the issues involved shall be a factor in determining eligibility for certification. Demonstration of compliance with this requirement shall be made initially through a form of questionnaire approved by the intellectual property law certification committee, but written or oral supplementation (including copies of *1133 work product) may be required. For good cause shown, for satisfaction in part of the 40 patent matters that involved representation of a client, verified substantial involvement in patent matters at a government agency may be considered. Verified substantial involvement in other areas of intellectual property law may also be considered to demonstrate overall proficiency.
(2) Patent Infringement Litigation. The applicant must have handled with senior-level responsibility a minimum of 5 contested matters in litigation or on appeal in which there was an adjudicated decision. Additionally, applicants shall have devoted a minimum of 800 hours per year to litigation matters generally, at least 300 hours per year of which shall have been devoted to patent infringement litigation; and applicant shall have, within the last 10 years, tried a patent infringement litigation matter to the close of testimony, verdict, or .judgment. The applicant shall submit work product samples and a transcript (if available) in each such contested matter. For good cause shown, for satisfaction in part of the minimum requirements, verified substantial involvement in patent infringement litigation at a government agency may be considered. Verified substantial involvement in other areas of intellectual property law may also be considered to demonstrate overall proficiency.
(3) Trademark Law. The applicant must have handled with senior-level responsibility either a minimum of 6 contested matters or 25 responses to substantive refusals, or a combination of the 2. Substantive refusals on which the applicant relies shall not have involved merely technical corrections, insignificant matters, or abandonment. The applicant shall submit work product sam-pies and a transcript (if available) in each such contested matter. In addition, applicant must have engaged in at least 300 hours each year in the practice of law in which the applicant has had substantial senior-level participation in legal matters involving trademark law. Three contested matters involving in the aggregate no less than 50 hours of in-session hearing or trial shall satisfy the requirement of 6 contested matters. For good cause shown, for satisfaction in whole or in part of the requirement of 6 contested matters or 25 responses to substantive refusals, verified substantial involvement in a combination of contested matters and responses to substantive refusals shall be considered. For good cause shown, for satisfaction in part of the minimum requirements, verified substantial involvement in trademark matters at a government agency may be considered in lieu of representation of clients. Verified substantial involvement in other areas of intellectual property law may also be considered to demonstrate overall proficiency.
(4)Copyright Law. The applicant must have handled with senior-level responsibility a minimum of 40 substantive matters that involved representation of a client, with a minimum of 300 hours per year devoted to such matters. The ministerial preparation of a copyright registration is not considered a substantive matter for purposes of certification. The applicant shall submit work product samples and, if the applicant also relies upon participation in contested matters, the applicant shall submit transcripts (if available) in each such contested matter. For good cause shown, for satisfaction in part of the minimum requirements, verified substantial involvement in copyright matters at a government agency may be considered in lieu of representation of clients. Verified substantial involve *1134 ment in other areas of intellectual property law may also be considered to demonstrate overall proficiency.
(d) Peer Review. The applicant shall select and submit the names and addresses of at least 6 lawyers or judges, who neither are relatives nor current associates, partners, or who otherwise practice law in an of-counsel relationship with the applicant, to serve as references. Such references will be contacted and requested to attest to the applicant’s special competence and substantial involvement in intellectual property law, as well as to the applicant’s character, ethics, and reputation for professionalism. Individuals submitted as references shall be substantially involved in intellectual property law and shall be familiar with the applicant’s practice. In addition, other attorneys, judges, employees at government agencies, or other persons likely to be familiar with the applicant may be contacted as deemed necessary by the intellectual property law certification committee and the board of legal specialization and education.
(e) Education. The applicant must demonstrate that during the 3-year period immediately preceding the filing of an application, the applicant has met the continuing legal education requirements necessary for intellectual property law certification. The required number of hours shall be established by the board of legal specialization and education and shall in no event be less than 45 hours. Accreditation of educational hours shall be subject to policies established by the intellectual property law certification committee or the board of legal specialization and education and may be satisfied by participation in 1 or more of the following activities:
(1)attendance at continuing legal education seminars for which intellectual property law certification credit has been approved;
(2) teaching a course in intellectual property law;
(3) participation as a panelist or speaker in a symposium or similar program on intellectual property law;
(4) authorship of a book, chapter, or article on intellectual property law, published in a professional publication or journal;
(5) completing such home study programs as may be approved by the board of legal specialization and education or the intellectual property law certification committee, subject to the limitation that no more than 50 percent of the required number of hours of education may be satisfied through home study programs; and
(6) such other methods as may be approved by the board of legal specialization and education and the intellectual property law certification committee.
(f) Examination. The applicant must pass an examination applied uniformly to all applicants to demonstrate sufficient knowledge, proficiency, and experience in intellectual property law sufficient to justify certification of special competence to the legal profession and the public. The examination will be comprehensive in scope and each applicant will be required to demonstrate at least some knowledge in each specific subject tested. Applicants, however, will be given the opportunity to emphasize special knowledge in 1 or more specific subject areas. An applicant who is a registered patent attorney in good standing with the USPTO shall not be required to take an examination on topics defined in rule 6-26.2(a).
(g) Exemption. An applicant may qualify for an exemption from the examination, or a portion thereof, as follows:
*1135 (1) an applicant currently certified by The Florida Bar in civil trial or business litigation shall be exempted from the portion of the examination on the litigation process, but must demonstrate knowledge of substantive law pertaining to intellectual property;
(2) an applicant who has been substantially involved in intellectual property law for a minimum of 20 years, in accordance with the standards set forth in rule 6-3.5(d), and who can demonstrate compliance with the experience requirements under rule 6-26.3(c), subdivisions (1), (2), (3), or (4) within a 10-year time frame, shall be exempt from the examination if all other requirements for certification are met. This exemption shall be applicable only to those applicants who apply within 2 years of the effective date of the approval of this exemption.
6-26.4 RECERTIFICATION
To be eligible for recertification, an applicant must meet the following requirements:
(a) Substantial Involvement. The applicant must show continuous and substantial involvement in matters involving intellectual property law throughout the period since the last date of certification or recer-tification. The demonstration of substantial involvement shall be made by showing that intellectual property law comprises at least 30 percent of the applicant’s practice.
(b) Experience. During the 5 years immediately preceding application, the applicant must comply with the experience requirements in at least 1 of the following categories:
(1) Patent Application Prosecution. The applicant must have handled with senior-level responsibility a minimum of 30 patent matters that involved representation of a client. For good cause shown, for satisfaction in part of the 30 patent matters, the applicant may provide verified substantial involvement in patent matters at a government agency in lieu of representation of clients. Verified substantial involvement in other areas of intellectual property law may also be considered to demonstrate overall proficiency.
(2) Patent Infringement Litigation. The applicant must have handled with senior-level responsibility a minimum of 5 contested matters in litigation or on appeal in which there was an adjudicated decision. The applicant may substitute completion of an approved, multi-day, intensive advocacy-training course where the applicant performed and was satisfactorily critiqued by recognized experts for 2 of the 5 contested matters. For good cause shown, for satisfaction in part of the 5 contested matters, the applicant may serve as a judge or an arbitrator in a contested matter involving an adjudicated decision concerning a patent, or may serve as an advocacy instructor in an intellectual property law continuing legal education program in lieu of senior-level responsibility as an advocate for a party. Verified substantial involvement in other areas of intellectual property law may also be considered to demonstrate overall proficiency.
(3) Trademark Law. The applicant must have handled either a minimum of 4 contested matters or 15 responses to substantive refusals of the application. In addition, an applicant must have engaged in at least 300 hours each year in the practice of law in which the applicant had substantial and direct senior-level participation in legal matters involving trademark law. Two contested matters involving in the aggregate no less than 2 days of in-session hearing or trial shall satisfy the requirement of 4 *1136 contested matters. For good cause shown, for satisfaction in whole or in part of the requirements, verified substantial involvement in a combination of contested matters and responses to substantive refusals resulting in allowance in satisfaction of the minimum number of matters shall be considered. The applicant may serve as a .judge or an arbitrator in a contested matter involving an adjudicated decision concerning a trademark, or may serve as an advocacy instructor in an intellectual property continuing legal education program, in lieu of senior-level responsibility as an advocate for a party. Verified substantial involvement in other areas of intellectual property law may also be considered to demonstrate overall proficiency.
(4) Copyright Law. The applicant must have handled with senior-level responsibility a minimum of 30 matters that involved representation of a client. For good cause shown, for satisfaction in whole or in part of the requirement, the applicant may serve as a .judge or an arbitrator in a contested matter involving an adjudicated decision concerning a copyright, or may serve as an advocacy instructor in an intellectual property law continuing legal education program in lieu of senior-level responsibility as an advocate for a party. Verified substantial involvement in other areas of intellectual property law may also be considered to demonstrate overall proficiency.
(d) Peer Review. The applicant must submit the names and addresses of at least 3 lawyers or judges, who neither are relatives nor current associates, partners, or who otherwise practice law in an of-counsel relationship with the applicant, to serve as references. Such references will be contacted and requested to attest to the applicant's special competence and substantial involvement in intellectual property law, as well as to the applicant’s character, ethics, and reputation for professionalism in the practice of law. Individuals submitted as references shall be substantially involved in intellectual property law and shall be familiar with the applicant’s practice. In addition, other attorneys, judges, employees at government agencies, or other persons likely to be familiar with the applicant may be contacted as deemed necessary by the intellectual property law certification committee and the board of legal specialization and education.
(e) Education. The applicant must have completed at least 50 hours of approved continuing legal education in intellectual property law, in accordance with the standards set forth in rule 6-26.3(e) since the filing of the last application for certification.

. The proposals for new subchapters 6-25 (Standards for Certification of a Board Certified State and Federal Government and Administrative Practice Lawyer) and 6-26 (Standards for Certification of a Board Certified Intellectual Property Lawyer) are hereby severed from the other proposals in In re Amendments to the Rules Regulating the Florida Bar, No. SC06-736. Thus, the instant case is assigned a new case number, SC06-1269. The Court will consider the remaining proposals of SC06-736 at a future time.